**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LIAM CAIN,

  Plaintiff,

v.                                    CASE NO.:

TRANS UNION LLC,          **JURY TRIAL DEMANDED**

  Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LIAM CAIN (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, TRANS UNION LLC, (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA")

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

2. Today in America there are three major consumer reporting agencies: Equifax, Trans Union, and Experian.

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information

they report. It is not enough for them to simply parrot information they receive from entities where a consumer makes a dispute about information reported.

4. When a consumer, like Plaintiff, disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681 (p) and 28 U.S.C. 1331.

7. The Plaintiff is a natural person and resident of Pinellas County, Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and Trans Union transacts business within this District.

9. Trans Union LLC is a corporation headquartered in the State of Illinois, authorized to conduct business in the State of Florida through its

registered agent, The Prentice-Hall Corporation System, Inc. located at 1201 Hays Street, Tallahassee, Florida 32301.

10. Trans Union LLC is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Trans Union LLC disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person who is alleged to owe multiple debts for accounts he never applied for. Plaintiff is the victim of serious identity theft. The identity theft has taken over Plaintiff's life and Plaintiff was forced to officially change his name from Peter Thomas Helton, Jr. to Liam Peadar Cain.

13. Plaintiff has been dealing with the identity theft under his formal name, Peter Helton. In January 2019, Plaintiff communicated with Trans Union and disputed several fraudulent accounts and requested a "freeze" on his credit report.

14. On November 5, 2019, Plaintiff filed an Identity Theft Report with the Federal Trade Commission, report number 103165305. Plaintiff reported fraudulent accounts, and charges that appeared on his credit reports. Plaintiff also

provided information about the individual that he suspected participated in stealing Plaintiff's identity.

15. On March 26, 2020, Plaintiff mailed a detailed written dispute letter to Trans Union regarding the erroneous reporting and disputed the following thirteen (13) accounts:

    I. Credit Protection Association 302604xx (New Mexico Gas Company)
    II. Credit Protection Association 250481xxx (Frontier Communications)
    III. Credence Resource Manage 250481xxx (ATT Mobility)
    IV. Enhanced Recovery 204706xxx (Comcast Cable Communication)
    V. U.S. Dept. Of Ed 4695
    VI. U.S. Dept. Of Ed 4695
    VII. U.S. Dept. Of Ed 4695
    VIII. U.S. Dept. Of Ed 4695
    IX. U.S. Dept. Of Ed 292921
    X. Waypoint Resource Group 81xxxx (Charter/Bright House)
    XI. Hunter Warfield 730674 (Brant Property Management, LLC)
    XII. Florida West Coast Credit Union 442xxx
    XIII. Webbank/Fingerhut 636992xxxxxx

16. Within Plaintiff's detailed dispute letter, he informed Trans Union that he had reported to law enforcement, on several occasions, he was a victim of identity theft. The agencies with whom Plaintiff filed reports were Jeffersonville Police Department, IN, Indiana State Police Department, Virginia Beach Police Department VA, Florida Attorney General, and Indiana State Attorney General.

17. Plaintiff never received a response from Trans Union regarding the dispute letter that was mailed out via USPS on March 26, 2020.

18. On June 9, 2020, Plaintiff was frustrated with the lack of response, mailed another almost identical dispute letter to Trans Union via certified mail identifying the erroneous accounts still being reported on his credit. Again, Plaintiff disputed the following accounts:

   I. Credit Protection Association 302604xx (New Mexico Gas Company)
   II. Credit Protection Association 250481xxx (Frontier Communications)
   III. Credence Resource Manage 250481xxx (ATT Mobility)
   IV. Enhanced Recovery 204706xxx (Comcast Cable Communication)
   V. US Dept. Of Ed 4695
   VI. US Dept. Of Ed 4695
   VII. US Dept. Of Ed 4695
   VIII. US Dept. Of Ed 4695
   IX. US Dept. Of Ed 292921
   X. Waypoint Resource Group 81xxxx (Charter/Bright House)
   XI. Hunter Warfield 730674 (Brant Property Management, LLC)
   XII. Florida West Coast Credit Union 442xxx
   XIII. Webbank/Fingerhut 636992xxxxxx

19. Plaintiff mailed this detailed dispute letter to Trans Union via USPS Certified Mail 7019 2970 0000 6438 1450.

20. On July 11, 2020, Trans Union responded to Plaintiff's dispute letter mailed on June 8, 2020, in which they responded as follows:

   I. Credit Protection Association 250481xxx (Frontier Communications)-**Ignored**
   II. Credence Resource Manage 250481xxx (ATT Mobility)- **Deleted**
   III. Enhanced Recovery 204706xxx (Comcast Cable Communication) **-Ignored**
   IV. US Dept. Of Ed 4695- **Verified as Accurate**
   V. US Dept. Of Ed 4695- **Verified as Accurate**
   VI. US Dept. Of Ed 4695- **Verified as Accurate**
   VII. US Dept. Of Ed 4695- **Verified as Accurate**

    VIII.    US Dept. Of Ed 292921- **Verified as Accurate**
    IX.    Waypoint Resource Group 81xxxx (Charter/Bright House)- **Deleted**
    X.    Hunter Warfield 730674 (Brant Property Management, LLC)- **Deleted**
    XI.    Florida West Coast Credit Union 442xxx- **Verified as Accurate**
    XII.    Webbank/Fingerhut 636992xxxxxx- **Verified as Accurate**

21. On August 17, 2020, Plaintiff obtained his Trans Union credit report file number 410940240. Upon Plaintiff's review of his credit report, Plaintiff still saw several accounts listed that did not belong to him:

    I.    Aargon Agency Inc. 401703xxxx (New Mexico Gas Company)
    II.    Caine and Weiner 1213xxxx (Progressive Auto Insurance)
    III.    Florida West Coast Credit Union 44204xxx
    IV.    Harvard Collection Services 2872xxxx (Torbert Emergency Physician LLC)
    V.    Harvard Collection Services 2872xxxx (Torbert Emergency Physician LLC)

22. Upon review of the August 2020 Trans Union credit report, Plaintiff also noticed several addresses that did not belong to him all located in Louisville, Kentucky and numerous places of employment listed that were not accurate.

23. On September 25, 2020, Plaintiff, rightfully distraught, again mailed another almost identical dispute letter to Trans Union identifying the erroneous accounts being reported on his credit. Plaintiff disputed the following accounts:

    I.    Aargon Agency Inc. 401703xxxx (New Mexico Gas Company)
    II.    Caine and Weiner 1213xxxx (Progressive Auto Insurance)
    III.    Florida West Coast Credit Union 44204xxx
    IV.    Harvard Collection Services 2872xxxx (Torbert Emergency Physician LLC)
    V.    Harvard Collection Services 2872xxxx (Torbert Emergency Physician LLC)

24. Plaintiff again mailed this detailed dispute letter to Trans Union via USPS Certified Mail 70200640000092997108. USPS confirmed delivery to Trans Union on September 29, 2020. Trans Union failed to respond to Plaintiff's dispute despite confirmation by USPS of delivery.

25. On December 15, 2020, Plaintiff obtained his Trans Union credit report file number 410940240. Upon Plaintiff's review of his credit report, Plaintiff still saw the Caine and Weiner 1213xxxx (Progressive Auto Insurance) account and other erroneous accounts on his credit report.

26. On December 23, 2020, Plaintiff infuriatingly mailed out another letter to Trans Union to dispute the following accounts:

   I.   Army/Air Force Exchange 601944410026xxxx
   II.  Credit One Bank 444796249957xxxx
   III. Caine & Weiner 1213xxxx
   IV.  Commonwealth Finance D1097416xxxx D1097416 obo Wheeler Peak Emerg
   V.   Commonwealth Finance D1097416xxxx obo Wheeler Peak Emerg

27. As of filing of this complaint, Trans Union has not responded to Plaintiff's latest dispute letter despite the letter being send via certified USPS mail.

28. To date, Trans Union has failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its errors.

29. Trans Union has been aware of the Plaintiff being a victim of identity theft and has chosen not to believe the Plaintiff regarding the fraudulent accounts.

30. As of the filing of this Complaint, no one from Trans Union has attempted to contact Plaintiff to further investigate the dispute. Trans Union

ignored the Credit Protection Association account dispute and instead allowed for Aargon Agency Inc. to begin reporting the exact same debt collection for New Mexico Gas Company. The same situation has occurred with other accounts.

31. Plaintiff has been denied several lines of credit based specifically on Trans Union's failures to conduct reasonable investigations. Plaintiff was denied credit from Indigo MasterCard, Milestone MasterCard, Oportun and Marra Motorcar, LLC among other creditors.

32. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix his credit;
   ii. Loss of time attempting to cure the error;
   iii. Mental anguish, stress, aggravation, embarrassment, and the other related impairments to the enjoyment of life;
   iv. Inability to apply for any credit and several denials.
   v. Reduction in credit score. Several of the fraudulent accounts reflected collections and/or high balances.

33. All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I
### (Violation of 15 U.S.C. § 1681e(b) – Trans Union LLC)

34. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully set out herein.

35. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit report and credit files it published and

maintains concerning the Plaintiff. Plaintiff has been to the police twice and has disputed these inaccurate accounts for over 14 months. Trans Union is aware that the client is the victim of identity theft and has deleted a few accounts but refuses to correct the other ones.

36. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by stress associated with a reduction in available credit and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

37. Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Trans Union was negligent, Plaintiff is entitled to recover under 15 USC § 1681o. Trans Union was made aware of the identity theft and allowed for new accounts to open without Plaintiff's permission. Trans Union chose to believe only the furnishers despite clear proof from Plaintiff that the accounts did not belong to him.

38. In the alternative, Defendant was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

39. Plaintiff is entitled to recover actual damages, punitive damages, costs, and attorney's fees from the CRA Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

40. Plaintiff is entitled to recover actual damages, punitive damages, costs, and attorney's fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANS UNION LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of 15 U.S.C. § 1681i – Trans Union LLC)

41. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully set out herein.

42. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it must know is unreliable. Inexplicably, after two police reports, numerous disputes, and over 14 months, Trans Union refuses to do more than to parrot back the results from the Furnishers. Plaintiff had informed Trans Union from the beginning that he is a victim of identity theft. Simply asking the furnishers to verify the name, social security and date of birth is not sufficient when Plaintiff has told Trans Union that

a criminal has that information. Trans Union often failed to address some of the individual account disputes in violation of the FCRA.

43. Trans Union blatantly violated the FCRA by not conducting any re-investigation or mailing the dispute letter from Plaintiff to the data furnishers despite USPS confirming delivery to Trans Union.

44. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damages including but not limited to loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

45. Plaintiff has been denied and is now purposely refraining from applying for more credit because of the erroneous reporting by Trans Union. Trans Union was made aware of the dispute from the erroneous reporting and refused to remove the inaccurate accounts.

46. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

47. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE** the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, TRANS UNION LLC, for his

attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully submitted,

>*/s/ Octavio "Tav" Gomez*
> Octavio "Tav" Gomez, Esquire
> Florida Bar No.: 0338620
> Morgan & Morgan, Tampa, P.A.
> 201 N. Franklin Street, Suite 700
> Tampa, Florida 33602
> Telephone: (813) 223-5505
> Facsimile: (813) 983-2889
> TGomez@ForThePeople.com
> Lsommers@ForThePeople.com
> *Attorney for Plaintiff*